OPINION

JAMES G. WILCOXEN, Justice.
THIS MATTER COMES ON pursuant to Order of this Court of February 11, 2013, setting all pending motions for hearing. The case originated as a declaratory judgment action filed by the Council of the Cherokee Nation (Tribal Council) against the Cherokee Nation Election Commission in the District Court of the Cherokee Nation, Case No. CV-2012-403. Appellants sought intervention below and now appeal from the Order of the District Court entered on January 23, 2013. The Standard of Review here is de novo. These proceedings have been expedited in order to ac *141 commodate the upcoming election of the Tribal Council.
In July, 2012, the Tribal Council passed Legislative Act 26-12 (LA 26-12) which provides for the creation of fifteen (15) separate representative districts for representation on the Tribal Council. LA-26-12 is the fulfillment of the mandate of Art. 6 § 3 of the Constitution of the Cherokee Nation:
The Council shall establish representative districts which shall be within the boundaries of the Cherokee Nation. Fifteen of these seats shall be apportioned to afford a reasonably equal division of citizenship among the districts, and the remaining two shall be elected at-large by those registered voters residing outside the boundaries of the Cherokee Nation voting at-large in accordance with this section.
The filing period for eight (8) of the fifteen (15) seats and one (1) at large seat is set to commence March 4, 2013.
Council members, Buel Anglen, Jack D. Baker, Julia Coats, Lee Keener and Cara Cowan Watts, have challenged the constitutionality of the drawing of these districts. Generally, they complain that as drawn, the districts are unconstitutional because they are not compact and contiguous in all instances, they appear to disrupt established Cherokee communities and that they do not afford a reasonably equal division of the Cherokee electorate.
Both the Cherokee Nation by and through the Office of the Attorney General and the majority of the Tribal Council challenge the standing of this minority group of councilors to raise the appeal. The action below, CV-2012-403, was com-meneed by the Council of the Cherokee Nation seeking a declaratory judgment that LA-26-12 is constitutional. Notwithstanding, there is sufficient controversy to render the decision below as more than advisory.
Appellants here, the minority group, were first allowed to intervene and then on reconsideration relegated to ami-ms status. It is from that position that the Tribal Council and the Cherokee Nation variously argue that the Appellants here have no standing to bring any issues before this Court other than the denial of their intervention. It is generally true that a party afforded amicus status has no right to independently lodge an appeal from a ruling below, and this Court will not deviate from that precedent. However, it is apparent that these councilors were in effect actual intervenors and should have been afforded that status by the District Court.[1] Nevertheless, it would appear that any error in formally designating them as amicus is harmless and cannot provide any basis for reversal of the proceedings below. Appellants were afforded the opportunity to participate in the proceedings below well beyond that of an amicus. In fact, when questioned by this Court during oral argument, Counsel for Appellants specifically stated that they were not denied the presentation of any evidence at the District Court level and further that there was no additional evidence that they would have presented if given the opportunity. This Court therefore, denies the Motions to Dismiss filed by the Cherokee Nation and the Tribal Council based upon our finding that for *142 purposes of this appeal, Appellants are intervenors and not amicus.
Due to impending election deadlines and the need for immediate direction by this Court, it is necessary that this Court reach the ultimate issue as to whether or not LA-26-12 is constitutional. The Court has given consideration to all of the evidence in the record, argument of counsel, and a thorough review of all pleadings filed herein, including a full review of Appellant’s brief in chief.
At the outset, it must be acknowledged that this Court has held that it must “give great deference to the enactments of the Tribal Council and where possible uphold their constitutionality.” Watts v. Smith, SC-2010-05, at 3; see also Lay v. Cherokee Nation, JAT-95-05-K, at 8-9. Notwithstanding, and against that backdrop, it is nevertheless the duty of this Court to determine the constitutionality of any act properly brought before the Court for consideration. At the heart of this matter, is the constitutional duty of this Court to insure that the goal of “one Cherokee, one vote” is met. Lay v. Cherokee Nation,, JAT-97-05; Watts v. Smith, SC-2010-05. We have previously found that the “ten percent (10%) rule” is of persuasive guidance and while not mandatory, “it does provide a reasonable bench mark, any substantial deviation from which should be justified.” Watts at 4. In Watts the district lines as previously drawn by the Tribal Council created a twenty-two percent (22%) deviation from equal representation. The error was remedied by this Court along county lines to bring the five (5) districts closer to the deviation standard. Notwithstanding, in this case, it appears that the district lines as drawn by the Tribal Council are slightly closer to equal representation than those established in Watts as corrected.[2]
LA-26-12 does create fifteen separate districts within the historical boundaries of the Cherokee Nation. The boundaries of these districts variously follow county lines, highways, rivers and zip code boundaries. Not in every instance are these districts contiguous or compact. While there are concerns about some districts not being completely contiguous and not always compact, this Court does not find that there is a sufficient basis to interfere with the actions of the Tribal Council. It is axiomatic that with fifteen (15) districts covering fourteen (14) counties, some of which are only partly included, county lines cannot always be followed. Granted, the districts as drawn are not perfect but it cannot be said they are unconstitutional. Moreover, the Election Commission has represented to this Court that it can conduct a fair and accurate election subject to the ordinary problems attendant to any election.
Based upon this ruling it is not necessary to address the Application for Injunction and Expedited Hearing filed by Appellants and the corresponding objections filed by the Cherokee Nation, Council of the Cherokee Nation and the Cherokee Nation Election Commission.
IT IS THEREFORE THE RULING OF THIS COURT that, after considering all the evidence in the record, the arguments made by the Appellants including those in their brief-in-chief, that the district lines as established by Legislative Act 26-12 are constitutional and the order of the District Court is affirmed.
IT IS SO ORDERED.
*143 Concurring: DARRELL DOWTY, Chief Justice JOHN C. GARRETT, Justice TROY WAYNE ROTEETE, Justice ANGELA JONES, Justice.

. We caution that this ruling is not to be interpreted that any time the minority council members disagree with the majority that the classification of intervenors will be given, it is only due to the nature of the specific issues raised and special circumstances herein that this court is classifying these minority councilors as intervenors. As with any party seeking intervention, they must first establish standing to intervene.

. Legislative Act 36-10 (LA-36-10) established a deviation of minus 10.03% and plus 9.25% while Legislative Act 26-12 (LA-26-12) established a deviation of minus 9.12% plus 9.94%.